

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2002

# Comm Workers of Amer v. NJ Dept Personnel

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3408

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Comm Workers of Amer v. NJ Dept Personnel" (2002). *2002 Decisions.* Paper 436.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/436

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

No. 01-3408


COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,
Appellant

and

LOCAL 1033 OF THE COMMUNICATIONS WORKERS OF AMERICA,
CHERYL TOBIN, BESSIE DELEON, REGINA JACKSON, ARUN KAUSHAL

v.

NEW JERSEY DEPARTMENT OF PERSONNEL and
MERIT SYSTEM BOARD


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. No. 99-cv-3329
District Judge:  Honorable Mary Little Cooper


Submitted Under Third Circuit LAR 34.1(a)
July 12, 2002


Before: SCIRICA and GREENBERG, Circuit Judges, and FULLAM,* District Judge

(Opinion Filed: July 25, 2002)


*The Honorable John P. Fullam, Senior District Judge of the Eastern District of Pennsylvania,
sitting by designation.


OPINION


PER CURIAM:

        Appellant Communications Workers of America, AFL-CIO ("the
National") brought a racial discrimination case against the appellee, New Jersey
Department of Personnel, challenging a "Performance Assessment Review" program
used by appellee in making personnel decisions.  In 1999, after certain changes were
made in the program in question, the parties settled their differences and, in January
2000, submitted a stipulation of settlement to the district court.  Before that stipulation
was approved or acted upon in any way, a local union and certain of its members ("the
Local") sought to intervene in the action in opposition to the proposed settlement.  The
district court permitted intervention, and the Local filed its separate complaint asserting
claims for damages on behalf of its members.  The National had opposed intervention by

the Local, but, after intervention was permitted, notified the district court that the National no longer consented to the proposed settlement. The National also filed a motion to amend its complaint, to include claims for damages.

The appellee filed a motion to dismiss the Local's complaint as time-barred, opposed the National's attempt to amend its complaint, and filed a motion to enforce the settlement agreement. In May 2001, the district court entered an order dismissing the Local's complaint as time-barred. In August 2001, the district court granted appellee's motion to enforce the settlement agreement, and dismissed as moot the National's motion for leave to amend its complaint. Both the National and the Local filed appeals which, in the aggregate, appealed from both orders. The Local's appeal was heard by another panel of this court, and was disposed of in a published opinion, Communications of America v. New Jersey Department of Personnel, 282 F.3d 213 (3d Cir. 2002). The Court affirmed the dismissal of the Local's complaint and also upheld the district court's order enforcing the settlement agreement. In a footnote, the Court stated:

> "3. The National also separately appealed from the order enforcing the settlement agreement but withdrew from this appeal on the eve of oral argument scheduled in this court. However, the National continues to maintain its separate appeal from the August 2001 order."

Since the National did not actually participate in the earlier appeal, and since the Local union was not a party to the settlement agreement and had been dismissed from the case, the panel's discussion of the enforcement of the settlement constitutes dictum, and does not relieve us of the obligation to decide whether the present appeal, i.e., whether the district court was correct in requiring the National to comply with the settlement agreement. Neither party to the present appeal contends that the panel's decision is binding, as to the enforcement issue.

On the merits, we have no difficulty in concluding that the district court properly enforced the settlement agreement. Appellant's argument that, since the district court never reserved jurisdiction to enforce the settlement agreement, it lacked jurisdiction to do so, is incorrect. That doctrine applies only to post-judgment applications for enforcement. In the present case, the litigation was still pending before the district court; the district court never lost jurisdiction over the litigation. And since undisputed that the appellant and the appellee, who were the only parties to the lawsuit at the time, repeatedly informed the district court that the case was settled, and submitted a stipulation of settlement, the court's later conclusion that the parties had indeed settled the case is not surprising. The district court acted properly in enforcing the settlement agreement, and dismissing the action pursuant to that agreement. The court also acted properly in concluding that the dismissal of the action rendered moot appellant's application for leave to amend the complaint.

The order appealed from will be affirmed.